UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

ROSALIE FRANCOIS,

    Plaintiff,

    v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

Civil No. 11-1789 (JAF)

**OPINION AND ORDER**

Claimant petitions this court under 42 U.S.C. § 405(g) to review the decision of Defendant, the Commissioner of Social Security ("Commissioner"), denying Claimant's application for disability benefits. (Docket No. 1.) Claimant files a memorandum challenging the denial (Docket No. 10), and Commissioner files a memorandum defending it (Docket No. 16).

**I.**

**Background**

We derive the following facts from the transcript of the record in this case ("R."). Claimant was born on March 20, 1968. (R. at 90.) Claimant completed a GED in 2003, and she has worked as a gas station cashier, security guard, and tacking machine operator. (R. at 128.)

Civil No. 11-1789 (JAF) -2-

Claimant alleges that she has suffered from back, shoulder, and cervical pain. (R. at 26.) Claimant also alleges that she suffers from depression and memory problems. (R. at 26.) The earliest symptoms that appear in the record are from 2001, when Claimant first sought out psychiatric treatment for depression and anxiety. (R. at 25.) Claimant alleged that she felt concerned and depressed for her son, who is hyperactive and has behavioral problems at school. (R. at 25.) Claimant has seen many different doctors for these ailments between 2001 and 2008. (R. at 24–25.)

On October 13, 2004, Claimant applied for Social Security disability benefits. (Docket No. 10 at 2; R. at 66–71.) She claimed that she was disabled under the Social Security Act, 42 U.S.C. §§ 416 and 423 (the "Act") on account of shoulder, back, and cervical pain, and depression. (R. at 23.) Commissioner denied her claim first on April 8, 2005, and again on reconsideration on December 30, 2005. (Docket No. 10 at 2.) Claimant requested a hearing before an administrative law judge ("ALJ"), which took place before ALJ José R. Gautier, on June 8, 2007. (Id.) On July 12, 2007, the ALJ issued an unfavorable decision. (Id.)

Claimant requested review of the ALJ decision from the Appeals Council and, on June 10, 2011, the Appeals Council remanded the matter for additional evaluation. (Id.) On September 9, 2008, Claimant again appeared before the ALJ in a second hearing in Ponce, Puerto Rico. (Id.) On the basis of that testimony and evidence discussed below, the ALJ rendered a decision on January 28, 2009, determining that Claimant is not disabled and denying her benefits under the Act. (R. at 13–29.) Claimant requested review of the ALJ decision from

Civil No. 11-1789 (JAF)                                                                                                          -3-

the Appeals Council and, on June 10, 2011, the Appeals Council denied that review. (R. at 7.) Finally, on August 12, 2011, Claimant filed the instant case for judicial review of Commissioner's decision. (Docket No. 1.)

## II.

## Standard of Review

An individual is disabled under the Act if she is unable to do her prior work or, "considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d). The Act provides that "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive." § 405(g). Substantial evidence exists "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [the] conclusion." Irlanda Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (quoting Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981)). We must uphold Commissioner's decision if we determine that substantial evidence supports the ALJ's findings, even if we would have reached a different conclusion had we reviewed the evidence de novo. Lizotte v. Sec'y of Health & Human Servs., 654 F.2d 127, 128 (1st Cir. 1981).

Our review is limited to determining whether the ALJ employed the proper legal standards and focused facts upon the proper quantum of evidence. Manso-Pizarro v. Sec'y of Health and Human Servs., 76 F.3d 15, 16 (1st Cir. 1981). We reverse the ALJ if we find that he derived his decision "by ignoring evidence, misapplying the law, or judging matters entrusted

Civil No. 11-1789 (JAF)                                                                                                -4-

to experts." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999). In reviewing a denial of benefits, the ALJ must have considered all evidence in the record. 20 C.F.R. § 404.1520(a)(3).

The Act outlines a five-step inquiry to determine whether a claimant is disabled. Step one focuses on the claimant's work activity; if claimant is "doing substantial gainful activity," he will be found "not disabled." § 404.1520(a)(4). Step two determines whether a claimant's impairment(s) meet(s) the Act's severity and duration requirements. Id. A claimant bears the burden of proof "at step one of showing that he is not working, [and] at step two that he has a medically severe impairment or combination of impairments . . . ." Bowen v. Yuckert, 482 U.S. 137, 146 n.5, (1987).

Step three asks whether the claimant has an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, subpart P. § 404.1520(d). If the claimant does not have an impairment equaling one of those listed impairments, see id., the inquiry proceeds to step four. At step four, the ALJ first must determine the claimant's residual functional capacity ("RFC"). § 404.1520(e). Next, the ALJ asks whether the claimant has the RFC to perform the requirements of her past relevant work. § 404.1520(f). If the claimant is able to perform her past work, she is not considered disabled. Id.

In this case, the ALJ found at step three that Claimant did not have an impairment equaling one of the impairments listed in 20 C.F.R. Part 404, subpart P. (R. at 23–25.) The ALJ found that Claimant had an RFC allowing her to perform unskilled work on a sustained

basis. (R. at 25–28.) Proceeding to step four, the ALJ then found that Claimant could not return to her past work as a fast food cashier, a security guard, or a tacking machine operator. (R. at 28.) At step five, the ALJ used the Medical-Vocational Rules ("the Grid") as a framework to conclude that other work existed in significant numbers in the national economy that Plaintiff could perform. (R. at 27–28.) The Grid is a table used at step five of the sequential evaluation process that apply a claimant's vocational factors and her RFC to determine whether she should be found disabled. Part 404 subpart P, App'x 2. Finding that there were other jobs in the national economy that Claimant could perform, the ALJ found Claimant was not disabled prior to the expiration of her insured status, on December 31, 2007.[1] (R. at 28.)

## III.

## **Analysis**

Claimant alleges that the ALJ did not properly evaluate the severity of Claimant's mental condition. (Docket No. 10 at 9.) Specifically, Claimant alleges that the ALJ selectively cited portions of the record while ignoring others. (Id.) We disagree, find that the ALJ's opinion rests on "substantial evidence," and affirm.

We note at the outset that Claimant's failure to provide specific record citations makes it difficult to ascertain what the Claimant finds defective about the ALJ's ruling.[2] (Id.)

---

[1] Based on the earnings posted in Claimant's record, she had to show that she was disabled on or before December 31, 2007, when Claimant last met the Act's insured status requirement, as determined by 20 C.F.R. § 404.130–31. (R at 21.)

[2] Commissioner makes the same point. (Docket No. 16 at 18.)

Civil No. 11-1789 (JAF)                                                                                                            -6-

Claimant focuses her challenges on the ALJ's determination that Claimant's mental condition did not meet or medically equal the criteria of severe depression.[3] (Id. at 12–16.) Specifically, Claimant alleges that the ALJ did not adequately consider the findings of two doctors who evaluated the severity of Claimant's mental condition. (Id. at 10–12.) Claimant also argues that the ALJ selectively cited to portions of the record, while ignoring signs of Claimant's continued depression. (Id. at 12–13.) These arguments are unavailing.

Referring to the ALJ's opinion, Claimant writes, "there is not a single reference to the findings of [Dr. Miguez and Dr. Giambartolomei] regarding the real severity" of Claimant's depression. (Id. at 12.) This assertion is plainly contradicted by the record: The ALJ devoted two full paragraphs to these doctors' findings, even noting specifically that Dr. Giambartolomei had diagnosed Claimant with "recurrent major depression." (R. at 24.)

Nevertheless, the ALJ found, after considering the record as a whole, that Claimant did not suffer from severe depression. (R. at 25.) The record shows ALJ came to this decision after a careful, in depth consideration of all the medical evidence. (R. at 23–29.) This finding was also consistent with the opinions of the state agency medical experts who evaluated Claimant. (R. at 23, 355, 375.) These opinions can constitute substantial evidence when they are "well supported," as they are here. Berrios Lopez v. Sec'y Health and Human Servs., 951 F.2d 427, 431 (1st Cir. 1991).

---

[3] Claimant does not challenge the ALJ's determination regarding Claimant's physical problems.

Civil No. 11-1789 (JAF)                                                                                                         -7-

Most importantly, the ALJ noted that Claimant's mental condition did not produce the type of functional limitations that are required to constitute severe depression. (R. at 24.) To constitute severe depression, according to Listing 12.04 of the Listing of Impairments, a claimant must demonstrate at least two of the following: Marked restrictions in activities of daily living; marked limitations in social functioning; marked limitations in concentration, persistence or pace; or repeated episodes of decompensation of extended duration. 20 C.F.R. Part 404, Subpart P, App'x I. The ALJ provided numerous specific examples for his finding that Claimant did not meet any of these criteria. (R at 24.) For example, the ALJ noted that Claimant had only mild to moderate difficulties in daily living, concentration, and social functioning: Claimant prepares daily meals for herself and her son; interacts and cares for her family and friends; and appeared alert, logical, and interested in life's daily events. (R at 24.) The ALJ also noted that Claimant had not experienced any episodes of decompensation of a required duration. (R at 24.)

For all of Claimant's protestations, she has not pointed to any way in which these findings were inaccurate. (Docket No. 10.) As Commissioner points out, there are many other signs that Claimant did not suffer from severe depression. (Docket No. 16 at 17–19.) Claimant takes public transportation and attends church; in 2004, she described herself to a social worker as feeling "quite well"; and in 2007, she told a doctor that she was "still doing good." (R. at 229, 466.)

Civil No. 11-1789 (JAF)                                                                                                          -8-

Nor does Claimant provide any support for her vague allegation the ALJ ignored evidence. (Docket No. 10 at 12.) The ALJ's careful and reasoned opinion shows that he considered all the evidence, including Claimant's treatment by Dr. Miguez and Dr. Giambartolomei. (R. at 23–29.) No more was required. See Frost v. Barnhart, No. 04-1840, 2005 WL 248161, at *1 (1st Cir. Feb. 3, 2005) (finding appellant "makes no showing that the ALJ ignored material evidence").

## IV.

## Conclusion

For the reasons stated above, we **AFFIRM** the Commissioner's decision finding Claimant not disabled. We **DENY** Claimant's petition (Docket No. 1) and **DISMISS WITH PREJUDICE** all claims therein.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 31st day of July, 2012.

                                                                               s/José Antonio Fusté
                                                                               JOSE ANTONIO FUSTE
                                                                               U.S. District Judge